Rockingham,  
Apr. 7, 1953.  } No. 4200.

WILLIAM A. DORNEY

*v.*

MABEL P. DORNEY.

*Varney, Levy & Winton* and *Lawrence W. Guptill, Jr.* (*Mr. Guptill* orally), for the plaintiff.

*Hughes & Burns* and *Robert E. Hinchey* (*Mr. Hinchey* orally), for the defendant.

GOODNOW, J.   The plaintiff's position is that he is entitled to the

granting of his motion for a voluntary dismissal of his libel as a matter of right; that such a dismissal is effective as of its date of filing in court; and that dismissal of the libel effects a dismissal of the cross petition filed thereafter, leaving this court without jurisdiction over the plaintiff in connection with the cross petition. His exception to the denial of his motion raises these three questions.

The plaintiff's motion that his libel for divorce be dismissed without prejudice was filed before any hearing had begun on the merits and before any answer or cross petition seeking affirmative relief had been filed. Under these circumstances, the plaintiff was entitled to a granting of this motion as a matter of right. *Saykaly* v. *Manchester,* 97 N. H. 4, 5, and cases cited.·

The voluntary dismissal of the plaintiff's libel does not, however, relate back to the date of its filing nor does it carry with it a dismissal of the defendant's cross petition.

The mere filing of a motion or request for a voluntary dismissal does not operate to put an end to the action automatically. *Alpert* v. *Mercury Company,* 272 Mass. 39, 41. " 'The plaintiff cannot discontinue his suit without the privity of the court.' " *Parker* v. *Colcord,* 2 N. H. 36, 37; *Cf. Gamsby* v. *Ray,* 52 N. H. 513. The nature of the motion is such that some action on it by the court is contemplated and required. The circumstances under which it is filed determine whether the granting of it is a matter of the Court's discretion (*Saykaly* v. *Manchester, supra*) or a matter of right (*Leonard* v. *Fahey,* 87 N. H. 170, 171). Even in the latter situation, some act or agreement of the plaintiff may have estopped him from exercising the right (*Webster* v. *Bridgewater,* 63 N. H. 296, 297) or costs may be assessed as a condition of the dismissal (*Farr* v. *Cate,* 58 N. H. 367). An order of the court granting such a motion is not in itself a judgment but is only the basis upon which a final decree may be entered at the established judgment day, unless otherwise ordered. *Vigno* v. *Vigno,* 79 N. H. 108, 109. Judgment is the law's last word in a judicial controversy. 30 Am. Jur. 821. It is not until a judicial determination has been reduced to judgment that an action is finally terminated.

In those cases where the defendant appears but raises no objection to the granting of the motion or where the defendant has not appeared, the motion is granted without formal order and as a matter of course. Its granting goes to judgment in accordance with the rules of court. (Superior Court Rule 57, 94 N. H. appendix; Rule 58, 93 N. H. appendix). Where objection is seasonably made to the granting of the motion, as in the case at bar, the action is pending on the docket until

the motion is heard and, if granted, until the order granting it has gone to judgment. The date on which a voluntary dismissal goes to judgment is its effective date. It does not relate back to the date of the filing. *Parker* v. *Colcord, supra.*

The plaintiff chose his forum and submitted himself to the jurisdiction of the court by seeking a divorce. Until the voluntary dismissal of his action goes to judgment, he is subject to the court's jurisdiction. The defendant came into court seeking affirmative relief while the plaintiff's action against her was still pending and while the plaintiff was represented in his action by counsel of his own choosing. "The law does not compel parties to bring two actions when with equal convenience their rights can be settled in one." *Johnson* v. *Association,* 68 N. H. 437, 438. It has been a long standing practice in this state to treat cross petitions seeking affirmative relief as pleadings in the original action. No service thereon is required but copies of all pleadings filed in court are required to be forwarded forthwith "to all other parties to the action or their counsel." Superior Court Rule 15, 93 N. H. appendix. A copy of the defendant's pleadings was sent to and received by plaintiff's counsel at the time of their filing in court. Jurisdiction over the plaintiff in connection with the matters contained in the cross petition was thereby secured. While the plaintiff is entitled to a voluntary dismissal of his libel for divorce, he cannot thereby "prevent the defendant from proceeding to judgment upon a claim for affirmative relief properly pleaded." *Moylan* v. *Lamothe,* 92 N. H. 299, 301.

The plaintiff's exception to the denial of his motion for a voluntary dismissal of his libel for divorce and to the order dismissing his libel "on its merits" is sustained. The exception to the order granting the defendant's petition for separate maintenance is overruled.

*Exceptions sustained in part and overruled in part.*

All concurred.