Mabel P. DORNEY, Plaintiff,

v.

William A. DORNEY, Defendant.

Civ. A. No. 1776.

United States District Court
S. D. West Virginia.

Oct. 16, 1956.

J. Campbell Palmer, III, Charleston, W. Va., for plaintiff.

E. Franklin Pauley, Charleston, W. Va., for defendant.

MOORE, Chief Judge.

William A. Dorney, defendant herein, filed a libel for divorce in Rockingham County Superior Court, State of New Hampshire on April 6, 1950, against his wife, Mabel P. Dorney, who is plaintiff herein. Mrs. Dorney appeared generally but filed no answer or claim for affirmative relief. Prior to that date, the parties had lived together as husband and wife in Portsmouth, New Hampshire.

On September 15, 1951, defendant herein moved to Reno, Nevada, to establish a new domicile. Mrs. Dorney remained in Portsmouth, New Hampshire, and still resides there.

Through counsel retained in New Hampshire, defendant herein filed a motion on October 15, 1951, to dismiss the libel for divorce without prejudice, and plaintiff herein seasonably objected.

The court did not act on this motion until after the filing of the cross-petition of plaintiff herein mentioned below, but at some time after that a hearing was held on the motion and it was denied.

On October 29, 1951, defendant herein filed a complaint for divorce in the State of Nevada against the plaintiff herein. Service thereon was by publication in Nevada, and notice thereof was given to plaintiff herein in the State of New Hampshire on October 31, 1951. Plaintiff herein entered no appearance as a defendant in the Nevada action.

On November 16, 1951, plaintiff herein filed an answer to the libel for divorce pending in the State of New Hampshire and filed a cross-petition for separate maintenance. Copies of the answer and cross-petition were served in New Hampshire on counsel of record in that case for defendant herein.

On December 3, 1951, defendant herein was granted a divorce in the Second Judicial Court, County of Washoe, State of Nevada, and the divorce decree ordered defendant herein to pay to plaintiff herein the sum of $50 per month for her support. Defendant herein has regularly paid this amount to plaintiff herein.

Subsequently, a hearing was held before a master regarding the wife's cross-petition pending in the New Hampshire court. The husband having failed to appear, the master filed his report on July 15, 1952, after hearing only the wife's evidence. Upon motion for judgment on the report of the master, the Rockingham County Superior Court on July 28, 1952, ordered defendant herein to pay plaintiff herein the sum of $250 per month for separate maintenance pending the introduction of further evidence concerning the financial means of the defendant herein. This separate maintenance award was affirmed on appeal to the New Hampshire Supreme Court. Dorney v. Dorney, 1953, 98 N.H. 159, 96 A.2d 198. Some of the facts above set out, not clearly apparent from the pleadings herein, are derived from the printed opinion in that case.

Defendant herein, now a resident of the State of West Virginia, failed to make any of the monthly payments ordered by the New Hampshire Court, and plaintiff herein brings this action to recover the back payments owed by defendant herein.

I am confronted by a situation in which a person has voluntarily set the judicial machinery of two different state courts in operation regarding the same legal question, and who now says that he may elect to abide by the decision of the court which was more favorable to him. He contends that the New Hampshire decree is void because, at the time it was entered, the parties involved were not husband and wife. Such a contention is without merit, since it is firmly established that a state court may render a valid decree granting alimony to a wife after the husband has secured an *in rem* divorce decree in another state. Arm-

strong v. Armstrong, 1956, 350 U.S. 568, 76 S.Ct. 629.

■ Courts may not bind a party to a personal judgment unless personal jurisdiction of the party is obtained. Pennoyer v. Neff, 1878, 95 U.S. 714, 24 L.Ed. 565.

■■ In a divorce action, this can be done for alimony purposes only by service within the territorial area over which the court has jurisdiction or by voluntary general appearance. Alimony is held to be a personal judgment requiring personal jurisdiction. Estin v. Estin, 1948, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561. As the Nevada court had no personal jurisdiction of plaintiff herein, it could not bind her to an alimony award in an *in rem* action.

This case is similar to the recent case of Armstrong v. Armstrong, supra. In that case, the husband secured an *ex parte* divorce in Florida and later the wife instituted suit for divorce and alimony in Ohio. The Ohio court recognized the Florida decree insofar as it terminated the marital relation and therefore dismissed the wife's suit for divorce. However, the Ohio court did grant the wife alimony as it had personal jurisdiction of the former husband. All the Justices of the United States Supreme Court agreed in their holding that the Ohio alimony award was valid. Four of the Justices ruled that the Florida court did not purport to adjudicate the absent wife's right to alimony and that therefore the alimony question was left open. "The Ohio court, which had complete jurisdiction of both parties and the cause of action, entered a decree as to alimony only, which decree seems clearly authorized by the Ohio cases." [350 U.S. 568, 76 S.Ct. 631] No full faith and credit question arose, according to these Justices, since the Ohio decree could not be in conflict with the Florida decree upon a matter not decided in the Florida court. In a concurring opinion, four Justices took the position that the Florida court adjudicated the absent wife's right to alimony and that it expressly decreed that no alimony award be made to the wife.

They further said that Ohio was not required to give full faith and credit to the Florida decree insofar as it pertained to the alimony question because, as I have already said in this opinion, an action for alimony is an *in personam* action resulting in a personal judgment and that the Florida court lacked personal jurisdiction over the wife. Hence, the Ohio court was free to decide the question of alimony in accordance with Ohio law.

■ When defendant herein filed his libel for divorce in New Hampshire, he thereby voluntarily submitted himself to the personal jurisdiction of the Rockingham County Superior Court. This personal jurisdiction of defendant herein continued until the separate maintenance judgment was entered on July 28, 1952, and as the judgment was for a temporary award defendant herein is still subject, with reference to any modifications thereof, to the jurisdiction of that court. The contention of defendant herein that this court should not recognize the New Hampshire award because the New Hampshire court had no jurisdiction of him is not a proper question for this court to decide. The Supreme Court of New Hampshire found that the lower court did have personal jurisdiction of defendant herein. Dorney v. Dorney, supra. An appeal from that decision on the basis of a denial of due process of law could be made only to the Supreme Court of the United States, and hence the due process question cannot be litigated in this court.

■ The New Hampshire court, by the decision of the Supreme Court of that state, had jurisdiction of the parties and the subject matter. It entered a separate maintenance award in accordance with New Hampshire law. Such an award being subsequent to the Nevada alimony decree, it would clearly be in direct conflict with the latter, if the Nevada award of alimony were valid. I have already held that it is void, and therefore entitled to no weight here. Since the New Hampshire award is binding on both parties because obtained in an *in personam* ac-

tion against the husband, it is entitled to full faith and credit. Therefore, defendant herein is liable to plaintiff herein for the amount due under the New Hampshire award.

Plaintiff having filed a motion for summary judgment and for judgment on the pleadings, and defendant having filed a motion to dismiss the complaint, the court denies defendant's motion and grants that of plaintiff.

Plaintiff's recovery will be limited to the amount prayed for in the complaint, less all sums paid to her by the defendant subsequent to the New Hampshire judgment entered on July 28, 1952, and before the date of the order to be entered in accordance with this opinion.

Counsel will submit an appropriate order.