Robert BLAYLOCK, Michael Ibsen, and Steve Perry *v.*
SHEARSON LEHMAN BROTHERS, INC.

96-1176 954 S.W.2d 939

Supreme Court of Arkansas
Opinion delivered November 20, 1997

*Robert R. Cloar*, for appellants.

*Parker, Hudson, Rainer & Dobbs*, by: *David G. Russell* and *Nancy H. Baughan*; and *Hardin, Dawson & Terry*, by: *Rex M. Terry*, for appellee.

RAY THORNTON, Justice. This case presents the question whether a voluntary dismissal, or nonsuit, by a plaintiff is automatically effective as soon as it is filed, or whether a court order or docket entry is required to dismiss the action without prejudice and start the clock ticking on the statutory savings period. The trial court found that a nonsuit becomes effective upon filing, without any action by the trial court; the court further found that, as a consequence, the August 17, 1995 complaint filed by appellants Robert Blaylock, Michael Ibsen, and Steve Perry was time barred. We disagree and reverse and remand.

■ ■ While it is well settled that a person who files a lawsuit may voluntarily dismiss that lawsuit and has a statutory right to refile the action within one year pursuant to Ark. Code Ann. section 16-56-126 (1987), we have never before addressed the question whether the nonsuit is effective upon filing or whether some action by the court is required. In reaching that issue, we consider the following rule of civil procedure on voluntary dismissals:

VOLUNTARY DISMISSAL: EFFECT THEREOF. Subject to the provisions of Rule 23(d) and Rule 66, an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court, provided, however, that such dismissal operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based upon or including the same claim, unless all parties agree by written stipulation that such dismissal is without prejudice. In any case where a set-off or counterclaim has been previously presented, the defendant shall have the right of proceeding to trial on his claim although the plaintiff may have dismissed the action.

Ark. R. Civ. P. 41(a) (1997). We have long interpreted this rule as creating an absolute right to a nonsuit prior to submission of the case to the jury or to the court. *Whetstone v. Chadduck*, 316 Ark. 330, 871 S.W.2d 583 (1994); *Doan v. Bush*, 130 Ark. 566, 198 S.W. 261 (1917). Although the rule does not provide for it, we have held that it is within the court's discretion to permit a nonsuit without prejudice even after final submission of the case. *Wright v. Eddinger*, 320 Ark. 151, 894 S.W.2d 937 (1995). When a nonsuit has been made effective, a new action may be filed within one year of the nonsuit or within the applicable statute of limitations, whichever is longer. *Shelton v. Jack*, 239 Ark. 875, 395 S.W.2d 9 (1965).

█ We have stated that, for a judicial order to take effect, a judgment or decree must be "entered" to be effective. *Standridge v. Standridge*, 298 Ark. 494, 769 S.W.2d 12 (1989). We said in *Standridge* that under Ark. R. Civ. P. 58 and Arkansas Supreme Court Administrative Order No. 2, the term "entered" means that the judgment or decree must be "set forth on a separate document" and filed by the clerk in the court's docket book. *Id.* at 497, 769 S.W.2d at 14. This decision reflects the importance of having the court maintain control of its docket as well as providing an accurate record of the status of the litigation. This control protects the integrity of information, and the court and parties to the litigation rely on it when reviewing court orders and docket entries in the case.

The requirement for an order may also be inferred from our decisions reversing a trial court's denial of a plaintiff's absolute right to a voluntary nonsuit. We have provided relief for such an erroneous denial by reversing and remanding with instruction to the trial court to grant the nonsuit, rather than determining that the nonsuit was effective at the time it was requested. *Brown v. St. Paul Mercury Ins. Co.*, 300 Ark. 241, 778 S.W.2d 610 (1989).

Decisions from other jurisdictions reflect sound reasoning for requiring court action to effectuate a nonsuit. The Virginia Supreme Court has interpreted its state statute dealing with non-suits to require a court order to be effective. *Nash v. Jewell*, 227 Va. 230, 315 S.E.2d 825 (1984). The court in *Nash* discussed the importance of having some court action on the issue as follows:

> [C]ourts act by orders and decrees. There is no termination of litigation until the court enters an appropriate order. Therefore, before entry of such an order the plaintiff may reconsider his decision to take a nonsuit. He has no right to withdraw the non-suit, but he has a right to move the trial court to permit with-drawal. The granting or denial of the motion is a matter for the trial court to determine in the exercise of judicial discretion.

*Id.* at 237, 315 S.E.2d at 829 (citations omitted).

In *Dorney v. Dorney*, 98 N.H. 159, 96 A.2d 198 (1953), the New Hampshire Supreme Court stated that merely filing the motion for voluntary dismissal does not automatically end the action. The court explained its reasoning as follows:

> The plaintiff cannot discontinue his suit without the privity of the court. The nature of the motion is such that some action on it by the court is contemplated and required. The circumstances under which it is filed determine whether the granting of it is a matter of the Court's discretion or a matter of right. Even in the latter situation, some act or agreement of the plaintiff may have estopped him from exercising the right or costs may be assessed as a condition of the dismissal. An order of the court granting such a motion is not in itself a judgment but is only the basis upon which a final decree may be entered at the established judgment day, unless otherwise ordered. Judgment is the law's last word in a judicial controversy. It is not until a judicial determination has been reduced to judgment that an action is finally terminated.

*Id.* at 160, 96 A.2d at 199 (citations omitted).

■    For all the reasons we have stated, we choose to apply the holding of *Standridge* to all dismissals from litigation, including those voluntary dismissals without prejudice to which a plaintiff may have an absolute right. We therefore hold that a court order is necessary to grant a nonsuit and that the judgment or decree must be entered to be effective. Further, we determine that, under the facts before us, the trial court erred in dismissing the case as time barred. We now turn to the facts of this case.

■    This is the third case filed on behalf of appellants against the appellee Shearson Lehman Brothers, Inc. All three cases alleged violations of the Arkansas Securities Act relating to the sales of stock to appellants and were grounded upon causes of action that arose in 1986. The five-year statute of limitations for filing an action for securities fraud, Ark. Code Ann. § 23-42-106(f) (Supp. 1995), would have run in 1991, except that the commencement of a class action tolls the running of the statute as to purported members of the class during the pendency of the litigation. *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974).

Appellants were purported members of the class in the first of the three cases, *Gentile v. Shearson*, a proposed class action against appellee, filed on October 16, 1990. On March 3, 1993, class certification was denied. *Gentile* is not before us in this appeal, but it acted to toll the running of the five-year statute of limitations.

Two days later, 140 plaintiffs, including appellants, filed an action on substantially the same grounds. That case, *Morton v. Shearson Lehman Brothers, Inc.*, is likewise not before us in this appeal; however, some of the facts from *Morton* are relevant to this third case, which is now before us. During the proceedings in *Morton*, appellants joined more than eighty plaintiffs in filing a document captioned a "nonsuit" on July 6, 1993. The abstract in this appeal discloses that no action was taken by the *Morton* trial court on the nonsuit filed on July 6, 1993. The abstract shows also that counsel for plaintiffs subsequently attempted to amend the nonsuit on two occasions for the stated purpose of restoring some nonsuiting plaintiffs to active status. The court did not act

on either of these first two "amended nonsuits." Then, on July 6, 1994, counsel for plaintiffs filed another "amendment to nonsuit" to restore appellants to active status.

As a result of appellee's objections to this third attempt to amend the nonsuit, a hearing was held on August 17, 1994. Appellee argued that it was too close to trial for appellants to be restored to active status, and appellants' counsel contended that the nonsuit had not become effective because no court action had been taken. The *Morton* trial court, in denying the request to restore appellants to active status, said the following from the bench: "Okay. Right or wrong, you're gonna need to refile those, I'm sorry." Appellants do not appeal that decision, or any other action taken by the trial court in *Morton*.

This third case, *Blaylock v. Shearson*, was filed on August 17, 1995, seeking relief on the original cause of action. Appellee moved to dismiss *Blaylock* on the basis that the claim was time barred. By its order filed June 3, 1996, the trial court found that appellants' claims were nonsuited on July 6, 1993, and it dismissed the complaint as time barred.

Appellee argues that the trial court's dismissal was not erroneous for the following reasons: (1) the July 6, 1993 nonsuit in *Morton* was effective when filed, (2) the voluntary dismissal from *Morton* on July 6, 1993 terminated the tolling of the five-year statute of limitations, and (3) appellants' filing of *Blaylock* was time barred because both the five-year statute of limitations and the one-year statutory savings period had run before the *Blaylock* complaint was filed. These arguments lack merit.

Because of our holding that a judgment or decree must be entered before a nonsuit becomes effective, we have carefully examined the abstract and find no order or decree granting a nonsuit in *Morton*, nor any entry reflecting such action on or before October 17, 1994, when the abstract before us ends its references to the *Morton* case. Based upon our conclusion that no nonsuit was effectively granted, it follows that appellants were not dismissed from the *Morton* lawsuit, that the one-year savings statute was never activated, and that the general five-year statute of limitations applicable to securities fraud continues to be tolled for so

long as appellants are not dismissed from *Morton*.[1] The trial court in *Morton* granted a summary judgment against some plaintiffs on October 17, 1994, and on the basis of a settlement, dismissed the action of other plaintiffs on the same date. However, the abstract shows that appellants were not included in either order.

From the abstract before us, we conclude that appellants' August 17, 1995 complaint was erroneously dismissed as time barred, and we reverse and remand for further proceedings.

---

[1] We note that our rule of civil procedure, Rule 12(b)(8), provides a defense against an action based on the pendency of another action between the same parties arising out of the same transaction or occurrence; however, this defense is waived under Rule 12(h)(1) if it is not included in the original responsive pleading.