SLIP OPINION

Cite as 2017 Ark. 181

# SUPREME COURT OF ARKANSAS

**No.** CV–16–473

| | |
|---|---|
| MARK STODOLA, MAYOR OF THE CITY OF LITTLE ROCK; CITY OF LITTLE ROCK; JOE SMITH, MAYOR OF THE CITY OF NORTH LITTLE ROCK; CITY OF NORTH LITTLE ROCK<br><br>APPELLANTS<br><br>V.<br><br>JIM LYNCH, TONY ORR, AND GLEN M. MILLER<br><br>APPELLEES | **Opinion Delivered:** May 18, 2017<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV13-360]<br><br>HONORABLE MACKIE M. PIERCE, JUDGE<br><br>REMANDED WITH INSTRUCTIONS; MOTION TO DISMISS APPEAL DENIED. |

**JOSEPHINE LINKER HART, Associate Justice**

The Pulaski County Circuit Court concluded that appropriations made by municipal ordinances or resolutions of the Cities of Little Rock and North Little Rock (the Cities) to the Little Rock Regional Chamber of Commerce, Metro Little Rock Alliance, the North Little Rock Regional Chamber of Commerce, and the North Little Rock Economic Development Corporation were in violation of article 12, section 5 of the Arkansas Constitution. In reaching its decision, the circuit court further found that "contracts" authorized by the Cities with these various entities were void for lack of consideration and were instead "donations" to the economic development efforts of these entities. The court found that appellants were "permanently ENJOINED from passing ordinances or resolutions in violation of Ark. Const. Art. 12, § 5." Appellants, the Cities and their respective mayors, appeal that decision. However, because an amendment to article 12,

section 5 of the Arkansas Constitution has rendered the basis for the circuit court's injunction moot, we remand to the circuit court with instructions to lift the injunction and dismiss appellees' complaint.

Before we consider the arguments on appeal, however, we must first consider appellees' motion to dismiss on the basis that this court lacks jurisdiction to hear the appeal. The resolution of this question necessarily requires a brief recitation of the procedural history of this case.

On January 24, 2013, appellees filed a complaint bringing four claims against appellants: (1) appellants had made unlawful appropriations in violation of article 12, section 5 of the Arkansas Constitution; (2) appellants had misused and illegally spent public funds generated from tax revenue, which constituted an illegal exaction; (3) the City of Little Rock had violated its own ordinances relating to bidding and contracting procedures; (4) the City of North Little Rock had violated its own ordinance related to bids. Appellants answered, and appellees moved for partial summary judgment on their claim relating to article 12, section 5 of the Arkansas Constitution.

On February 19, 2015, appellees moved for a voluntary dismissal of all claims except for the claim alleging a violation of article 12, section 5 of the Arkansas Constitution. The circuit court granted the motion the following day. In an amended order filed June 26, 2015, the circuit court found in favor of appellees on the remaining claim. Appellants initially sought to appeal to this court from this order but subsequently dismissed the appeal.

On March 3, 2016, appellants moved to dismiss with prejudice the three unlitigated claims, even though those claims previously had been dismissed by the circuit court. In an

SLIP OPINION

order filed May 2, 2016, the circuit court denied appellants' motion. The court stated that appellants were seeking the court's dismissal with prejudice of claims that were "not currently before this Court" because those claims had been dismissed. The court concluded that "at this point, this Court has no jurisdiction over this matter, and even if it did, it is basic to the judicial process that the Court cannot rule on the merits of claims not before it." The court stated that "[i]n light of the lack of jurisdiction," it declined to rule on appellants' motion to dismiss with prejudice the three claims. On May 17, 2016, appellants filed a notice of appeal. In the notice of appeal, appellants asserted that they were appealing from the amended order filed on June 26 2015, and from the May 2, 2016 order "ending all issues on appeal."

Appellees have filed with this court a motion to dismiss the appeal. In their motion, appellees assert that appellants have raised on appeal arguments relating only to the June 26, 2015 order and that their appeal from that order had been abandoned. Appellees further argue that the circuit court properly found in its May 2, 2016 order that it lacked jurisdiction and that, consequently, this court lacks jurisdiction to hear the appeal. In response, appellants argue that they could not have appealed from the June 26, 2015 amended order because it was not a final order. Further appellants contend that the May 2, 2016 order was a final order from which appellants timely appealed.

This court, in *Deer/Mt. Judea School District. v. Kimbrell*, 2013 Ark. 393, 430 S.W.3d 29, cited *Mountain Pure LLC v. Affiliated Foods Southwest, Inc.*, 366 Ark. 62, 233 S.W.3d 609 (2006), stating, "Under *Mountain Pure*, jurisdiction vests in the circuit court until such time as any outstanding claims are properly adjudicated or are no longer a bar to finality and a

final order is entered." *Deer/Mt. Judea Sch. Dist.*, 2013 Ark. 393, at 7–8, 430 S.W.3d at 37. Thus, we must determine whether the three unlitigated claims that were dismissed are no longer a bar to finality, allowing the case to be appealed.

Appellees filed their cause of action on January 24, 2013. On February 20, 2015, appellees dismissed these three unlitigated claims as permitted by Rule 41(a), and in accordance with that rule, the dismissal of the three claims was without prejudice. When a nonsuit has been made effective, a new action may be filed within one year of the nonsuit or within the applicable statute of limitations, whichever is longer. Ark. Code Ann. § 16-56-126(a)(1) (Repl. 2005); *Blaylock v. Shearson Lehman Bros.*, 330 Ark. 620, 622, 954 S.W.2d 939, 940 (1997). The three unlitigated claims were illegal-exaction claims. *See Smith v. City of Springdale*, 291 Ark. 63, 722 S.W.2d 569 (1987) (challenging bidding practices in an illegal-exaction claim). We have applied a three-year statute of limitations to illegal-exaction claims. *Munson v. Abbott*, 269 Ark. 441, 602 S.W.2d 649 (1980). Assuming that appellees' causes of action accrued, at the latest, on the date of the filing of the complaint, January 24, 2013, the statute of limitations would have expired three years later in January 2016. Further, the three unlitigated claims were nonsuited on February 20, 2015, and had to be refiled within one year. The claims were not refiled. Thus, on March 3, 2016, when appellants filed their motion to dismiss with prejudice the three unlitigated claims, those claims no longer could be litigated by appellees. Accordingly, those three unlitigated claims were no longer a bar to finality, and the court's May 2, 2016 order denying the motion to dismiss with prejudice the three unlitigated claims constituted a final order from which appellants timely appealed. *See Deer/Mt. Judea Sch. Dist.*, 2013 Ark. 393, at 7–8, 430 S.W.3d at 36–37

(holding that an order denying a motion for reconsideration constituted a final order because at the time the order was entered, all nonsuited claims had been adjudicated and were no longer a bar to finality); *Mountain Pure LLC*, 366 Ark. 62, 233 S.W.3d 609 (holding that the circuit court's order concluding that it was without jurisdiction to entertain a complaint because the case had been dismissed without prejudice constituted a final order because all other claims either had been refiled or dismissed with prejudice). Thus, the appeal is properly before us. Accordingly, we deny appellees' motion to dismiss the appeal.

We now turn to the appeal of the circuit court's decision to permanently enjoin the appellants from passing ordinances or resolutions in violation of article 12, section 5 of the Arkansas Constitution. In their motion for partial summary judgment, appellees argued that appellants had appropriated city funds to private corporations using "service contracts" for which appellants received no direct, distinct service. Appellees asserted that the contracts violated article 12, section 5 of the Arkansas Constitution and were invalid due to lack of consideration and absence of benefits to the taxpayers. Appellees asked for a declaratory judgment that the appropriation of moneys by appellants to the Little Rock Regional Chamber of Commerce, the Metro Little Rock Alliance, the North Little Rock Economic Development Corporation, and the North Little Rock Regional Chamber of Commerce was unlawful in violation of article 12, section 5 of the Arkansas Constitution. Appellees further asked that the court issue an injunction ordering appellants to cease the unlawful appropriation of tax revenue and order appellants to cease engaging in illegal contracts.

In its amended order, the circuit court found that "the 'contracts' at issue in this case are void for lack of legal consideration and are not valid contracts for the exclusive benefits

of the cities of Little Rock and North Little Rock." The court further found that "annual lump sum appropriations are donations to the economic development efforts of the relevant chambers of commerce, economic development organizations, and collaborative regional industrial projects" that were appropriations made "in the absence of discrete services rendered in return." The court concluded, "Ordinances or resolutions effectuating such appropriations plainly violate Ark. Const. Art. 12, § 5." The court permanently enjoined appellants from passing ordinances or resolutions in violation of article 12, section 5 of the Arkansas Constitution.

On appeal, appellants assert that the circuit court erred in finding that because the consideration for economic-development services was the equivalent of a donation, contribution, or purchase of stock in a private company, the contracts were unconstitutional under article 12, section 5 of the Arkansas Constitution. At the time appellees brought their lawsuit, article 12, section 5 provided,

> No county, city, town or other municipal corporation, shall become a stockholder in any company, association, or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual.

However, article 12, section 5, has since been amended to provide as follows:

> (b) However, a county, city, town, or other municipal corporation may obtain or appropriate money for a corporation, association, institution, or individual to:
>    (1) Finance economic development projects; or
>    (2) Provide economic development services.
> (c) As used in this section:
>    (1) "Economic development projects" means the land, buildings, furnishings, equipment, facilities, infrastructure, and improvements that are required or suitable for the development, retention, or expansion of:
>       (A) Manufacturing, production, and industrial facilities;
>       (B) Research, technology, and development facilities;
>       (C) Recycling facilities;
>       (D) Distribution centers;

(E) Call centers;
(F) Warehouse facilities;
(G) Job training facilities; and
(H) Regional or national corporate headquarters facilities;
(2) "Economic development services" means:
(A) Planning, marketing, and strategic advice and counsel regarding job recruitment, job development, job retention, and job expansion;
(B) Supervision and operation of industrial parks or other such properties; and
(C) Negotiation of contracts for the sale or lease of industrial parks or other such properties; and
(3) "Infrastructure" means:
(A) Land acquisition;
(B) Site preparation;
(C) Road and highway improvements;
(D) Rail spur, railroad, and railport construction;
(E) Water service;
(F) Wastewater treatment;
(G) Employee training which may include equipment for such purpose; and
(H) Environmental mitigation or reclamation.
(d) The General Assembly, by a three-fourths vote of each house, may amend the provisions of subsections (b) and (c) of this section so long as the amendments are germane to this section and consistent with its policy and purposes.

J.R.S. Res. 16, 90th Gen. Assemb., Reg. Sess. (Ark. 2015). In sum, article 12, section 5(b)(2) of the Arkansas Constitution specifically permits municipal corporations to make appropriations to various entities for economic-development services. As appellees acknowledge, this amendment "eviscerates" their cause of action because appropriations to these entities for economic-development services is now constitutional. We note that the circuit court made no ruling related to damages. Accordingly, we view the circuit court's ruling as applying prospectively to preclude only future appropriations to various entities for economic-development services. The circuit court's enjoining of future appropriations to various entities for economic-development services essentially has been rendered moot by this subsequent amendment.

As a general rule, this court will not review issues that are moot. *Ark. Dep't of Correction v. Williams*, 2009 Ark. 523, at 5, 357 S.W.3d 867, 870. To do so would be to render advisory opinions, which this court regularly will not do. *Id.*, 357 S.W.3d at 870. A case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *Id.*, 357 S.W.3d at 870. Because the constitutionality of appropriations to entities for economic-development services has been established by the amendment of article 12, section 5(b)(2), any decision based on an older version of the amendment either affirming or reversing the circuit court's decision to enjoin future appropriations for economic-development services would have no practical legal effect because such appropriations are now constitutionally permissible.

Appellants suggest that the issue is not moot because there exist service-contract appropriations for purposes other than economic-development services, and those appropriations and contracts may be deemed unconstitutional in the future. However, this court does not have before it these hypothetical cases challenging such appropriations and service contracts that would in turn necessarily require this court to interpret the amendment as well as service contracts not in the current record. Thus, we remand the case to the circuit court with instructions to lift the injunction and dismiss appellees' complaint. *See Williams*, 2009 Ark. 523, at 9, 357 S.W.3d at 872 (ordering remand to lift injunction and dismiss complaint).

Remanded with instructions; motion to dismiss appeal denied.

*Thomas M. Carpenter*, for Little Rock appellants; and *John L. Wilkerson*, for North Little Rock appellants.
*McMath Woods, P.A.*, by: *James Bruce McMath*, *Samuel E. Ledbetter*, and *Carter C. Stein*; and *The Fonticiella Rios Law Firm, PLLC*, by: *Sonia Eileen Fonticiella Rios*, for appellees.