
# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CV-16-441

| | |
|---|---|
| PARK PLAZA MALL CMBS, LLC, and ERMC, LP<br><br>APPELLANTS<br><br><br>V.<br><br><br><br>KIMBERLY MARIE POWELL, INDIVIDUALLY AND AS SPECIAL ADMINISTRATRIX OF THE ESTATE OF CHRISTIAN ELLIS HAYES, DECEASED<br>APPELLEE | Opinion Delivered: SEPTEMBER 20, 2017<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRTEENTH DIVISION [NO. 60CV-14-791]<br><br>HONORABLE W. MICHAEL REIF, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

## RITA W. GRUBER, Chief Judge

This appeal stems from a tort case arising out of the February 28, 2013 murder of Christian Hayes. At the time of his death, Hayes was employed as an assistant manager at the Sbarro restaurant in Little Rock's Park Plaza Mall. Deonte Edison and Tristan Bryant murdered Hayes in Sbarro's leased, private space after the close of business. Kimberly Powell, on behalf of Hayes's estate, sued numerous parties for his death, and the case went to trial on her claims against Park Plaza Mall CMBS, LLC (Park Plaza); ERMC II, LP (ERMC), the entity that provided security services to Park Plaza; Edison; and Bryant. A Pulaski County jury returned a verdict in favor of Powell.

Park Plaza and ERMC appealed the judgment, and the International Council of Shopping Centers filed an amicus brief in support of reversal. However, our review has

uncovered pending cross-claims that preclude us from reaching the merits of this appeal, and we must dismiss the appeal without prejudice for lack of jurisdiction.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by a circuit court. An order is not final if it adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *S. Farm Bureau Cas. Ins. Co. v. Easter*, 369 Ark. 101, 251 S.W.3d 251 (2007); Ark. R. Civ. P. 54(b). Although neither party raises the issue, whether an order is final for appellate purposes is a jurisdictional question that the court will raise sua sponte. *Moses v. Hanna's Candle Co.*, 353 Ark. 101, 103, 110 S.W.3d 725, 726 (2003).

An examination of this appeal reveals that Kimberly Powell amended her complaint several times during the course of the litigation. She also requested the dismissal of several defendants without prejudice. As a general rule, the dismissal of a party—with or without prejudice—can create finality. *Driggers v. Locke*, 323 Ark. 63, 913 S.W.2d 269 (1996). Accordingly, Powell's dismissal of certain parties without prejudice does not preclude our court from exercising jurisdiction.

However, we must also analyze Park Plaza and ERMC's cross-claims in the course of our jurisdictional review. Park Plaza and ERMC filed cross-claims for indemnity and contribution against several of their codefendants—Sbarro, LLC; Sbarro America, Inc.; Sbarro Franchise Co., LLC; Kahala Franchising, LLC; and QC&SF Enterprises, Inc. Park Plaza and ERMC's cross-claim against QC&SF Enterprises, Inc., was dismissed with prejudice, and their cross-claims against Sbarro, LLC, and Sbarro America, Inc., were

severed.[1]  Park Plaza and ERMC merely dismissed their cross-claims against Sbarro Franchise Co., LLC, and Kahala Franchising, LLC, without prejudice.[2]

Generally, a circuit court's order granting a nonsuit and dismissing claims without prejudice is not a final order or an adjudication on the merits because the merits of the cause are not finally determined.  *Beverly Enters.–Ark., Inc. v. Hillier*, 341 Ark. 1, 3, 14 S.W.3d 487, 488 (2000).  The recent case of *Stodola v. Lynch* expounds on this general rule.  2017 Ark. 181, 519 S.W.3d 677.  In *Stodola*, our supreme court held that appellees' nonsuited claims that were not refiled within the applicable statute-of-limitations period and were not refiled within one year of having been nonsuited could "no longer be litigated" and were "no longer a bar to finality."  *Id.* at 3–4, 519 S.W.3d at 679.

Here, Park Plaza and ERMC's cross-claims against Sbarro Franchise Co., LLC, and Kahala Franchising, LLC, arose out of Hayes's February 28, 2013 murder and were based on negligence theories, which carry a three-year statute of limitations.  Thus, the statute of limitations required that any claims be filed no later than February 28, 2016.  Additionally, the circuit court dismissed without prejudice Park Plaza and ERMC's cross-claims against Sbarro Franchise Co., LLC, and Kahala Franchising, LLC, on October 13, 2015.  Accordingly, these cross-claims could be refiled no later than October 13, 2016.

---

[1]Severed claims become independent actions, each of which would yield a final order upon completion.  *Ellis v. Agriliance, LLC*, 2012 Ark. App. 549.

[2]The order of dismissal of the cross-claim against Kahala Franchising, LLC, does not specify whether it is with or without prejudice.  Because it was the first dismissal, it is a dismissal without prejudice.  *See Lemon v. Laws*, 305 Ark. 143, 806 S.W.2d 1 (1991).

Our case differs factually from *Stodola*. In *Stodola*, both the statute of limitations and the time to refile any claim had expired before the notice of appeal was filed. Thus, it was clear from the record on appeal that the nonsuited claims could no longer be litigated. In the present appeal, the notice of appeal was filed on December 30, 2015, and the record was lodged on May 18, 2016. This is prior to the expiration of Park Plaza and ERMC's time to refile their cross-claims. This distinction is important. On the record before us, Park Plaza and ERMC had time to refile and litigate their cross-claims.[3] Thus, the nonsuited cross-claims bar our ability to exercise jurisdiction.

Because there are still pending cross-claims against Sbarro Franchise Co., LLC, and Kahala Franchising, LLC, we necessarily turn our attention to the circuit court's Rule 54(b) certificate to see if it complies with our rules pertaining to the finality of orders in judgments with multiple claims or multiple parties. Arkansas Rule of Civil Procedure 54(b) requires that when "more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay."

The Rule 54(b) certificate sets out a limited history of the litigation in this case and provides that the cross-claims of Park Plaza and ERMC against Sbarro, LLC, and Sbarro America, Inc.,—termed Sbarro Defendants—were severed "to further convenience, avoid prejudice, and to be conducive to expedition and economy." The Rule 54(b) certificate

---

[3]Once the record on appeal is lodged, a circuit court loses jurisdiction. *See Myers v. Yingling*, 369 Ark. 87, 251 S.W.3d 287 (2007).

SLIP OPINION

also provided that the cross-claims against "Sbarro Defendants" are "a separate judicial unit" from Powell's judgment. The sparse factual findings made by the circuit court concern only Park Plaza and ERMC's severed cross-claims. It is only the cross-claims against Sbarro Franchise Co., LLC, and Kahala Franchising, LLC, that act as a bar to jurisdiction, and those claims were neither discussed nor contemplated in the Rule 54(b) certificate. No factual findings were made to demonstrate why there is no just reason to delay this action because of the pending cross-claims. Therefore, we must conclude that the Rule 54(b) certificate is insufficient to vest jurisdiction with this court and dismiss the appeal without prejudice.[4]

Dismissed without prejudice.

WHITEAKER and BROWN, JJ., agree.

*Munson, Rowlett, Moore & Boone, P.A.*, by: *Mark Breeding*; and *Husch Blackwell LLP*, by: *Mark G. Arnold*, pro hac vice, and *JoAnn T. Sandifer*, pro hac vice, for appellants.

*Gary Holt and Associates*, by: *William Gary Holt*; and *Baker & Schulze*, by: *J.G. "Gerry" Schulze*, for appellees.

*Cullen & Co., PLLC*, by: *Tim Cullen*; and *Christine Mott*, of counsel, for amicus curiae, International Council of Shopping Centers.

---

[4]We also acknowledge that Park Plaza and ERMC do not abandon any pending but unresolved claims in their notice of appeal. The inclusion of this language would have been sufficient to vest jurisdiction with our court. Ark. R. App. P.–Civ. 3(e)(vi).