

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-17-138

| | |
|---|---|
| | **Opinion Delivered** October 18, 2017 |
| PRESCOTT SCHOOL DISTRICT<br>APPELLANT | APPEAL FROM THE NEVADA COUNTY CIRCUIT COURT<br>[NO. 50CV-14-64] |
| V. | |
| | HONORABLE RANDY WRIGHT, JUDGE |
| PATRICIA STEED<br>APPELLEE | DISMISSED WITHOUT PREJUDICE |

## PHILLIP T. WHITEAKER, Judge

The Prescott School District appeals a Nevada County jury award in favor of Patricia Steed on her breach-of-contract action. We cannot reach the merits of the District's argument at this time because we lack a final, appealable order.

Patricia Steed was hired by the Prescott School District to teach English during the 2013–2014 school year. At the time she was hired, Steed did not possess an Arkansas teaching license but was enrolled in courses to obtain her license.[1] Steed signed an employment contract with the District; however, the District failed to execute it. The District asserted that because Steed did not have the requisite certification, she had been hired as a nonlicensed substitute, rather than pursuant to the contract. Steed was informed by the District in April 2014 that her services were no longer required.

---

[1]She ultimately received her certification in April 2014, and it was backdated by the Arkansas Department of Education to August 2013.

SLIP OPINION

In December 2014, Steed filed a complaint against the District alleging three causes of action: breach of contract; violation of the Arkansas Teacher Fair Dismissal Act (ATFDA); and reckless infliction of emotional distress (denoted by Steed in her complaint as "outrage"). Our analysis of finality will address how each of these causes of action was litigated at the trial level.

In February 2014 after the District filed a motion to dismiss alleging that it was entitled to absolute immunity for tort,[2] Steed filed a notice of partial nonsuit of her "outrage" claim. Steed's notice stated that the nonsuit of that claim was being taken without prejudice. However, the court did not enter any order of dismissal when the notice of nonsuit was filed. Later, the court entered an order denying the District's motion to dismiss. In it, the court noted that Steed's "outrage" claim should be dismissed, but it did not expressly dismiss the claim.

The parties proceeded to a jury trial on the breach-of-contract and the ATFDA causes of action in October 2015. The parties did not submit the ATFDA claim to the jury but did submit the breach-of-contract claim. The jury returned a verdict in favor of Steed on her breach-of-contract claim and awarded her $10,793 in damages. However, the judgment did not resolve the two other causes of action: the ATFDA and "outrage" claims.

Subsequently, the parties and the court recognized there were finality issues. In an order dated July 28, 2016, the trial court acknowledged that Steed's ATFDA claim had not been presented to the jury or adjudicated by the court and reserved its ruling on certain

---

[2]The District's motion also alleged that there was no contract and therefore no breach and that the ATFDA did not apply because Steed did not have the required certification.

posttrial motions until a hearing on Steed's ATFDA claim could be held.  Thereafter, Steed filed a notice of partial nonsuit of her ATFDA claim.

When the District filed its notice of appeal, Steed filed a motion to dismiss the appeal, arguing that it was untimely because more than thirty days had passed since the entry of the judgment.  The District responded that the order was not final until Steed took a voluntary nonsuit of her ATFDA claim. Steed then filed a supplemental motion to dismiss the appeal on the basis that the record had not been lodged within ninety days as required by the rules. The District responded that the record had not been filed because our clerk's office had advised that a final order had not been entered.  Finally, on December 9, 2016, the trial court entered an order dismissing Steed's "outrage" and ATFDA claims.  The order, however, did not specify whether Steed's claims were being dismissed with or without prejudice.

Arkansas Rule of Appellate Procedure–Civil 2(a)(1) provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. Arkansas Rule of Civil Procedure 54(b) provides that when more than one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final, appealable order. *Miracle Kids Success Acad., Inc. v. Maurras*, 2016 Ark. App. 445, at 2–3, 503 S.W.3d 94, 95.  Rule 54(b) allows a trial court, when it finds no just reason for delaying an appeal, to direct entry of a final judgment as to fewer than all the claims or parties by executing a certification of final judgment as it appears in Rule 54(b)(1). However, absent this required certification, any judgment, order, or other form of decision that adjudicates fewer

3

than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action. *Miracle Kids*, *supra*. No such certification was made in this case.

Here, Steed took a voluntary nonsuit of two of her claims: "outrage" and ATFDA. Her nonsuit of the "outrage" claim was expressly "without prejudice"; the nonsuit of the ATFDA claim was silent as to disposition. While Steed entered notices of partial nonsuit of these claims in February 2015 and August 2016, her nonsuits were not effective until the court entered an order dismissing the claims in December 2016. *See* Ark. R. Civ. P. 41(a)(1) (stating that while an action may be dismissed as a matter or right, it is effective only upon entry of a court order dismissing the action). The December 2016 order just "dismissed" the remaining claims; it did not dismiss them with prejudice. There is no evidence in our record that these claims had ever been filed before or that they would otherwise operate as an adjudication on the merits.

Generally, a trial court's order granting a nonsuit and dismissing claims without prejudice is not a final order or an adjudication on the merits because the merits of the cause are not finally determined. *Beverly Enters.-Ark., Inc. v. Hillier*, 341 Ark. 1, 3, 14 S.W.3d 487, 488 (2000). When a nonsuit has been made effective, a new action may be filed within one year of the nonsuit or within the applicable statute of limitations, whichever is longer. Ark. Code Ann. § 16–56–126(a)(1) (Repl. 2005); *Stodola v. Lynch*, 2017 Ark. 181, at 4, 519 S.W.3d 677, 679; *Blaylock v. Shearson Lehman Bros.*, 330 Ark. 620, 622, 954 S.W.2d 939, 940 (1997). The recent case of *Stodola v. Lynch*, 2017 Ark. 181, 519 S.W.3d 677, expounds on this general rule. In *Stodola*, our supreme court held that appellees' nonsuited claims that had

not been refiled within the applicable statute-of-limitations period and had not been refiled within one year of having been nonsuited could "no longer be litigated" and were "no longer a bar to finality." *Id.* at 3–4, 519 S.W.3d at 679.

That is not the case here because the dismissals were not entered until December 2016, and the one-year time period for refiling of claims under the savings statute has not expired. Thus, there is no final order to be appealed.

Should the District choose to refile, we remind counsel to carefully review the rules regarding briefing to ensure that the brief is properly prepared and to pay particular attention to Arkansas Supreme Court Rule 4-2(a)(5)(A) governing the contents of the abstract.

Dismissed without prejudice.

GRUBER, C.J., and BROWN, J., agree.

*Bequette & Billingsly, P.A.*, by: *George J. Bequette, Jr.*, for appellant.

*Harrelson Law Firm, P.A.*, by: *Steve Harrelson*, for appellee.