SLIP OPINION

Cite as 2017 Ark. 311

# SUPREME COURT OF ARKANSAS

No. CR–17–177

| | | |
|---|---|---|
| STATE OF ARKANSAS | APPELLANT | Opinion Delivered: November 9, 2017 |
| | | |
| V. | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. 18CR-1980-185] |
| DAVID L. LASLEY | APPELLEE | HONORABLE DAVID RAY GOODSON, RETIRED JUDGE |
| | | APPEAL DISMISSED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

The State of Arkansas appeals the Crittenden County Circuit Court's use of three nonmodel jury instructions at appellee David L. Lasley's resentencing hearing. The State does not request a reversal or remand, but seeks only a declaration that the use of the instructions, which were proffered by Lasley, was error. Because this is not a proper State appeal, we dismiss.

In 1980, Lasley was sentenced to life imprisonment without parole for a capital murder that he committed when he was seventeen years old. In *Miller v. Alabama*, 567 U.S. 460 (2012), the United States Supreme Court held that a mandatory sentence of life in prison without parole violates the United States Constitution if the offender was less than 18 years old at the time of the crime. That ruling was made retroactive in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). On July 8, 2016, the Lincoln County Circuit Court entered an order granting Lasley's petition for writ of habeas corpus, vacating his life

sentence, and remanding the matter of resentencing to the Crittenden County Circuit Court.

The circuit court held a jury trial on December 6–9, 2016, to consider Lasley's sentence. The jurors were instructed with AMI–Crim. 2d 9101, which informed them that the range of punishment they could consider was ten to forty years' or life imprisonment. No model instruction that addresses the concerns of *Miller* and *Montgomery* exists. Over the State's objection, the court also instructed the jury with three nonmodel instructions based on the *Miller* decision as follows:

> David L. Lasley may not be sentenced to life in prison without parole without consideration of his special circumstances in light of the principles and purposes of juvenile sentencing. David L. Lasley was 17 years of age at the time of his commission of a homicide offense. He must be treated as a juvenile for purposes of this re-sentencing. Juveniles are constitutionally different from adults for purposes of sentencing. First, children have a lack of maturity and an underdeveloped sense of responsibility, leading to recklessness, impulsivity, and heedless risk-taking. Second, children are more vulnerable to negative influences and outside pressures, including from their family and peers; they have limited control over their own environment and lack the ability to extricate themselves from horrific, crime-producing settings. Third, a child's character is not as well formed as an adult's; his traits are less fixed and his actions less likely to be evidence of irretrievable depravity. Before sentencing David L. Lasley to life without parole, the jury must take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison. Jurors may sentence David L. Lasley to a lifetime in prison only if you conclude that David L. Lasley is that rare juvenile offender who exhibits such irretrievable depravity that rehabilitation is impossible and life without parole is justified. In light of children's diminished culpability and heightened capacity for change, appropriate occasions for sentencing juveniles to this harshest possible penalty will be uncommon.

The jury returned a sentence of 40 years' imprisonment, the circuit court entered an order reducing Lasley's sentence accordingly, and this appeal followed.

As a threshold matter, we must first decide if we have jurisdiction to hear the State's appeal. Unlike that of a criminal defendant, the State's right to appeal is limited to the

SLIP OPINION

provisions of Rule 3 of the Arkansas Rules of Appellate Procedure–Criminal 3 (2016). *State v. Colvin*, 2013 Ark. 203, 427 S.W.3d 635. We will not consider an appeal by the State unless the correct and uniform administration of the criminal law requires review by this court. Ark. R. App. P.–Crim. 3(d). In addition, we review only State appeals that are narrow in scope and that involve the interpretation, not the application, of a criminal rule or statutory provision. *State v. Jenkins*, 2011 Ark. 2; *State v. Pittman*, 360 Ark. 273, 200 S.W.3d 893 (2005). State appeals that merely demonstrate that the circuit court erred are not permitted. *Jenkins*, *supra*. This court has held that when an appeal does not present an issue of interpretation of the criminal rules with widespread ramifications, such an appeal does not involve the correct and uniform administration of the law. *Pittman*, *supra*.

The State argues that the use of the nonmodel instruction was error because (1) nonmodel instructions based on decisional law should not be used in the absence of direction from this court, and (2) the instructions were not necessary to satisfy *Miller* and *Montgomery* and their progeny because those cases do not foreclose a life sentence for a juvenile murderer or require particular instructions to a jury.

In cases involving jury instructions, we have held that when resolution of the issue turns on the facts unique to the case, the appeal does not require interpretation of our criminal rules with widespread ramifications, and the matter is not appealable by the State. *See, e.g., State v. McCormack*, 343 Ark. 285, 34 S.W.3d 735 (2000), *State v. Hagan-Sherwin*, 356 Ark. 597, 158 S.W.3d 156 (2004). Similarly, in this case, although the State argues a declaration of error is needed to ensure correctness and uniformity across the state in similar resentencing cases, we are not convinced, given the unique circumstances presented here,

that this appeal would have "widespread ramifications" on interpretation of our criminal rules. *State v. Williams*, 348 Ark. 585, 588, 75 S.W.3d 684, 686-87 (2002). Some juvenile offenders may choose to waive jury resentencing. Additionally, in the wake of *Miller* and *Montgomery*, the Arkansas General Assembly passed the Fair Sentencing of Minors Act of 2017, 2017 Ark. Acts No. Act 539, which is codified at Arkansas Code Annotated § 16-93-621, and provides in relevant part:

> (a)(2)(A) A minor who was convicted and sentenced to the department for an offense committed before he or she was eighteen (18) years of age, in which the death of another person occurred, and that was committed before, on, or after the effective date of this act is eligible for release on parole no later than after twenty-five (25) years of incarceration if he or she was convicted of murder in the first degree, § 5-10-102, or no later than after thirty (30) years of incarceration if he or she was convicted of capital murder, § 5-10-101, including any applicable sentencing enhancements, unless by law the minor is eligible for earlier parole eligibility.

> (B) Subsection (a)(2)(A) of this section applies retroactively to a minor whose offense was committed before he or she was eighteen (18) years of age, including minors serving sentences of life, regardless of the original sentences that were imposed.

Thus, the Act, which became effective after Lasley's resentencing trial, provides for parole for offenders who were juveniles when they committed capital murder. In the Act's emergency clause, the General Assembly found that more than 100 individuals in Arkansas were entitled to relief pursuant to *Miller* and *Montgomery*. Whatever the number of individuals who have yet to obtain relief may be, that number is not increasing, but is decreasing. Although 100 individuals may be a large enough number to satisfy the requirement that resolution of a State appeal have widespread ramifications, the number of potential future cases alone is not dispositive. Here, the passage of Act 539 weakens any argument that a State appeal would have widespread ramifications. Application of Act 539

to other juvenile offenders sentenced to life in prison may eliminate the need for further jury trials for resentencing. We recognize that the Act has, in some cases, been successfully challenged in circuit courts on both state and federal grounds. *See, e.g., State v. Hardman*, No. 60CR-00-1457, *State v. Jenkins*, No. 60CR-98-1416. However, we have not yet decided the constitutionality of the act, and we do not do so today. We do believe the limited number of individuals affected by *Miller* and *Montgomery*, coupled with the unsettled state of the law regarding sentencing of juvenile offenders, is reason enough to find that the State has not demonstrated that the appeal of this matter involves the correct and uniform administration of the law or that this is a proper State appeal. *See State v. Howard*, 341 Ark. 640, 19 S.W.3d 4 (2000) (finding that the State failed to demonstrate the appeal involved the correct and uniform administration of the law).

Appeal dismissed.

WOOD and WOMACK, JJ., dissent.

**SHAWN A. WOMACK, Justice, dissenting**. I respectfully dissent from the majority's decision to dismiss the appeal as improper. I would find that it is a proper State appeal and that the trial court erred in giving the instruction to the jury. The majority correctly points out that we only accept State appeals that are narrow in scope and involve the interpretation of law. When an interpretation will not have widespread application, it does not affect the correct and uniform administration of the law. *State v. Hulum*, 349 Ark. 400, 403, 78 S.W.3d 111, 113 (2002).

Following *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), courts were left with the task of addressing unconstitutional sentences

with limited guidance on how to proceed. In this case the trial court held a resentencing hearing and erroneously created a jury instruction that cherry-picked language from the Supreme Court in a way that was overly broad.

After the trial court action, but before this appeal was completed, the General Assembly intervened with the passage of the Fair Sentencing of Minors Act of 2017. As the majority correctly points out, the emergency clause of the Act notes that there are over 100 juveniles who are eligible for relief after the Supreme Court's decision in *Montgomery v. Louisiana*. However, the majority incorrectly determines that the number of incarcerated juveniles, coupled with the passage of the Act, renders the appeal improper under our rules because it would not have widespread ramifications. I believe the majority conflates mootness with an improper State appeal under Ark. R. App. P. −Crim. 3(c) (2016).

First, within the context of life sentences for juvenile offenders, I would hold that facing the possibility of 100 or more resentencing hearings, and the possibility that without correction other trial courts could adopt this improper jury instruction, meet the criteria of widespread ramifications. Second, there is no question that giving a jury an improper instruction involves the interpretation of law, and again, within the context of the life sentences for juvenile offenders, it involves an issue that is narrow in scope. We have previously accepted State appeals to declare error in the trial court's use of faulty jury instructions when it may prejudice the State in the future. *Perry v. State*, 371 Ark. 170, 176, 264 S.W.3d 498, 502 (2007).

Next, regarding the issue of mootness, Mr. Lasley has served more than the 30 years provided for in the Act and is therefore eligible for parole. When the General Assembly

passes, repeals, or amends a statute that eliminates the controversy pending an appeal, it renders the case moot. *See Ark. Dep't of Corr. v. Williams*, 2009 Ark. 523, at 6, 357 S.W.3d 867, 870 (citing *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920)). On its face, the Act eliminates the need for a resentencing hearing, and any decision we render regarding the prior status of the law would be advisory, which this court will not do. *Stodola v. Lynch*, 2017 Ark. 181, at 8, 519 S.W.3d 677, 681. Accordingly, as to Mr. Lasley, the issue is now moot in light of the General Assembly's action.

Finally, due to the erroneous nature of the jury instruction and the lack of guidance available to trial courts, I would also refer this issue to the Committee on Criminal Jury Instructions to prescribe model instructions based on the Supreme Court's decisions in *Miller* and *Montgomery* for those courts who choose to move forward with optional resentencing proceedings.

WOOD, J., joins.

*Leslie Rutledge*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.

*Marion A. Humphrey, Sr.*, for appellee.